IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JAN POLLAN and  LILLIAN
CACHUCHA,

                Plaintiffs,


v.                                                  CIV. No. 99-804  LH/WWD


AMADEO HERRERA in his
individual and official capacity,
and BERT DeLARA and RAY
RIVERA, in their individual and
official capacities,


                Defendants.


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Amend Complaint

(Docket No.  55). The Court, having considered the relevant case law as well as the pleadings in

the record, concludes that Plaintiffs' motion is well taken and will be **granted.**

Plaintiffs seek to amend their complaint to assert claims against  John Dickerson.

Plaintiffs contend that Mr. Dickerson admitted during his deposition that he was Defendant

Herrera's supervisor, and was aware of Defendant's sexual misconduct and dishonesty prior to

incidents at issue in this case, but took no steps to prevent Defendant Herrera's sexual misconduct

from continuing.  Plaintiffs contend that, prior to this deposition, they had insufficient good faith

basis on which to assert any claims against Mr. Dickerson.

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's

pleading only by leave of court or by written consent of the adverse party; and leave shall be

freely given when justice so requires."  The Supreme Court has stated that the granting of leave to

amend is within the discretion of the district court.  *Zenith Radio Corp. v. Hazeltine Research,*

*Inc.*, 401 U.S.321, 330 (1971).  Leave sought must be "freely given" in the absence of any

justifiable reason for denial of the motion.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The

*Foman* Court set forth the test for granting leave to amend pleadings:

> In the absence of any apparent or declared reason --- such as undue delay, bad
> faith or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies made by amendments previously allowed, undue prejudice to the
> opposing party by virtue of allowance of the amendment, etc --- the leave sought
> should, as the rules require, be "freely given."

*Id.  See also Las Vegas Ice and Cold Storage Co., v. Far West Bank*, 893 F.2d 1182, 1185 (10th

Cir. 1990).

This is the first amendment that Plaintiffs have sought.

Defendants oppose the proposed amendment for reasons of futility, untimeliness, unfair

prejudice and on the grounds that it was brought in bad faith.  Each of these will be addressed

below.

**A.  Futility Argument**

Rule 15 allows for liberal amendment in the interests of resolving cases on the merits.  15

JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 15.02[1] (3RD ED. 1997).  *See Lowrey*

*v. Texas A & M University System*, 117 F.3d 242 (5th Cir. 1997)(Rule 15(a) creates "strong

presumption" in favor of permitting amendment).  In practice, the burden falls on the party

opposing the amendment to demonstrate why the amendment should not be allowed.

Defendants' futility argument to the Court is largely a lengthy discussion of the deposition

testimony of three officers and of Defendant Herrera.  Much of Defendants' arguments goes to

the ultimate issue of supervisory liability and involves some material disputed facts, such as

whether or not Mr. Dickerson was Defendant's supervisor at the Sandoval County Sheriff's

Department when the rapes forming the basis of Plaintiffs' complaint occurred.  It is premature to

address factual disputes at this stage of the litigation.  The resolution of a motion to amend should

not involve any decision as to disputed material facts; that is something better left for the

summary judgment stage of litigation.  The futility standard is a liberal standard in favor of

allowing amendments.  Courts have concluded that a proposed amendment was futile, for

example, if it failed to state a legal theory or could not withstand a motion to dismiss.   15 JAMES

WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 15.15[3] (3RD ED. 1997).  In this instance,

Plaintiffs have stated a legally cognizable theory and one that certainly appears to state a claim.

Having read the submissions of both sides, the Court concludes that Defendants' arguments have

not overcome the presumption in favor of allowing an amendment of the complaint and that the

proposed amendment is not futile.

### B.  Untimeliness/Undue Prejudice Arguments

This lawsuit was filed on July 20, 1999.  Mr. Dickerson's deposition was taken on March

31, 2000, Plaintiffs received a copy of the deposition transcript on April 13, 2000, and filed their

motion to amend on May 22, 2000.  Defendants DeLara and Rivera have filed two motions for

summary judgment, one as to each Plaintiff.  Defendant Herrera has filed a motion to sever.

These motions are pending.

Defendants mention the timing and content of information contained in Plaintiffs' initial

disclosures and the information gleaned by Plaintiffs from a transcript of an interview with Mr.

Dickerson, received by Plaintiffs on March 9, 2000.  Defendant contend that Plaintiffs had the

information they purportedly needed to seek this amendment more than one month prior to their

filing of the instant motion.  (Defs' Resp. to Pltfs' Mot. to Amend Compl at 11).[1]

Plaintiffs counter this argument primarily by reiterating that they did not realize they

would have a good faith basis to sue Mr. Dickerson until they took his deposition.  It was at that

time that they learned, for the first time, that Mr. Dickerson supervised Defendant Herrera at the

Sandoval County Sheriff's Department during the relevant time frame in this case.  Assuming this

to be true, it would mean that Plaintiffs obtained a good faith basis to sue Mr. Dickerson a little

less than two months before they filed their motion to amend.

Under these circumstances I am unable to bar this amendment on the grounds of

untimeliness. Although this case is now approximately 13 months old, Plaintiffs have explained

the timing of their motion seeking to limit their case to my satisfaction.  In other words, their

explanations appear to be reasonable and I conclude that this amendment has not been unduly

delayed.

Related to the issue of untimeliness is the issue of potential prejudice to Defendants.

Understandably, if Mr. Dickerson is added as a defendant to this case, he must be allowed time to

---

[1]The Court notes that Defendants argue in other portions of their brief that Plaintiffs had the facts
necessary to their proposed amendment at least six months prior to the service of their motion to amend.

conduct discovery and to file dispositive motions on his behalf, if he so desires.  Additional

discovery and briefing may be deemed necessary by other parties.  The Court is aware that it has

not been able to address this motion in as timely a fashion as it would have liked to address it.

The Court notes that this case has just been docketed on the Court's March 2001 trial docket.

In light of these factors, it is reasonable to extend the discovery and dispositive motion

deadlines.  The parties are instructed  to contact Magistrate Judge Deaton immediately to inform

him of their need for extensions of these deadlines in conformity with this Memorandum Opinion

and Order.  Given this approach, there will be no undue prejudice that will result from this

amendment.

### C.  Bad Faith Arguments

Defendants again assert that Plaintiffs' representations to the Court about the timing of

Plaintiffs' knowledge of Mr. Dickerson's alleged conduct is misleading and disingenuous.  They

characterize Plaintiffs' proposed amendment as an "attempt to avoid summary judgment on their

claims of supervisory liability".  (Defts' Resp. to Pltfs' Mot. to Amend Compl. at 15).  Defendants

protest the amendment on the grounds that it will add more time, additional discovery and another

party to these proceedings.

These assertions do not establish bad faith on the part of Plaintiffs in seeking this

amendment.

### D.  Conclusion

Having reviewed the briefs of both parties, I am unable to find any of the factors set forth

in the *Foman* case or otherwise, that would foreclose my granting the leave to amend.

Consequently, I conclude that allowing this amendment is in the interests of justice and that leave

to file it is hereby **granted**.

       **WHEREFORE, IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Amend Complaint (Docket No. 55) is **granted** and that Plaintiffs shall file their First Amended Complaint, in nearly the same form as that attached to their motion,[2] as a separate document, within 10 days of the filing date of this Memorandum Opinion and Order.  Both parties shall bear their respective costs and attorney fees incurred in connection with the filing of this motion.

       **IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

---

[2] Of course, Count III, the claim brought under the Violent Crime Control and Law Enforcement Act of 1994, must be deleted, pursuant to the stipulated order of dismissal entered by this Court on August 7, 2000 (Docket No. 70).